

DORSEY™
always ahead

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-14-21

April 9, 2021

**Via ECF**

The Honorable Vincent L. Briccetti
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re:   *Mohr-Lercara v. Oxford He[alth]*

Dear Judge Briccetti:

---

APPLICATION GRANTED.

Although the relevant documents are judicial documents subject to a common law and First Amendment presumption in favor of public access, Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006), the Court finds defendants have shown a sufficient basis to justify filing under seal the exhibits to the Declaration of Michelle S. Grant filed in support of their motion for summary judgment

The Clerk is directed to seal Exhibits 10, 11, 15, and 24 of the Grant Declaration, (Docs. ##122, 122-1, 122-2, 122-3), and terminate the letter motion (Doc. #121).

SO ORDERED:

*[signature]*

Vincent L. Briccetti, U.S.D.J.
April 14, 2021

---

Pursuant to Paragraph 3(B) of the Court's Individual Practices, Defendants Oxford Health Insurance, Inc., Optum, Inc., and Optum Rx, Inc. (collectively, "Defendants") submit this letter motion in support of their application to seal or redact certain materials that have been filed in support of Defendants' Motion for Summary Judgment in the above-referenced matter. The documents referenced herein are exhibits to the Declaration of Michelle Grant, submitted in support of Defendants' Motion for Summary Judgment, and contain several categories of commercially-sensitive and competitive information, including: (1) information related to Defendants' prescription drug transaction data, (2) an internal accounting policy memorandum, and (3) an internal confidential PowerPoint presentation. Of the 28 exhibits, Defendants' only seek to file two internal, confidential documents under seal and request minimal redactions on two additional documents. The parties met and conferred in an effort to narrow the scope of the sealing requests.

The "decision whether to seal court records requires weighing the importance of the presumption of public access . . . against the interests sought to be protected by sealing." *Encyclopedia Brown Prods., Inc. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 610-11 (S.D.N.Y. 1998) (citing *United States v. Amodeo*, 71 F.3d 1044, 1047-51 (2d Cir. 1995)). It is a decision "left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978) (citations omitted). Factors that weigh in favor of sealing include the protection of "third party privacy interests" and the potential of creating "a competitive disadvantage by disclosure." *EEOC v. Kelley Drye & Warren LLP*, 2012 U.S. Dist. LEXIS 28724 at *2 (S.D.N.Y. Mar. 2, 2012).

Under these standards, and for the reasons further detailed herein, Defendants request that the Court seal Exhibits 10 and 11 in their entirety, and seal the unredacted versions of Exhibits 15 and 24.

The Honorable Vincent L. Briccetti
April 9, 2021
Page 2

I. **Commercially-Sensitive and Competitive Information Regarding Defendants' Prescription Drug Transaction Data**

"Confidential 'business information that might harm a litigant's competitive standing' may warrant protection from disclosure." *Coventry Capital US LLC v. EEA Life Settlements, Inc.*, No. 17-cv-7417, 2017 U.S. Dist. LEXIS 182474, at *5-6 (S.D.N.Y. Nov. 2, 2017) (citing *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978)). This is particularly true where document "play only a marginal role in the judicial process." *See Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 505 (E.D.N.Y. 1999) ("Some judicial documents will play only a marginal role in the judicial process. The presumption of access accorded those materials is low and amounts to little more than a prediction of public access absent a countervailing reason") (internal quotations and citations omitted).

In balancing between the public's interest in access to documents and disclosure of potentially sensitive information, redaction is justified where disclosure "might harm a litigant's competitive standing." *See, e.g., Encyclopedia Brown Productions Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998) (holding "the [financial] material sought to be sealed is confidential and that the harm to defendants' competitive position that would result from disclosure outweighs the interest in public access," and "[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit"); *Playtex Products, LLC v. Munchkin, Inc.*, No. 14-cv-1308 (RJS), 2016 U.S. Dist. LEXIS 42261, at *14 (S.D.N.Y. Mar. 29, 2016) (granting request to redact sales and revenue information because the request was "narrowly tailored, and because Plaintiffs' privacy interests and the likely harm they may suffer if this "highly proprietary material" is revealed to their competitors outweigh the "presumption of public access"); *Graczyk v. Verizon Comms., Inc.*, No. 18-civ-6465, 2020 U.S. Dist. LEXIS 50812, at *18-23 (S.D.N.Y. Mar. 24, 2020) (allowing contracts to be filed with redactions covering sensitive financial information which, if made public, would put defendant at a competitive disadvantage when negotiating contracts with vendors in the future).

Defendants submit that Exhibits 15 and 24 contain information from Defendants' highly competitive, proprietary, and/or commercially-sensitive datasets, including the fields of prescription drug transaction data, such as pricing terms, ancillary terms affecting prices (*i.e.*, rebates, late payment information, and certain fees), and other fields related to claims processing. Defendants maintain such information is non-public, confidential, and derived from documents and data designated as "Highly Confidential – Attorneys' Eyes Only" and "Confidential" pursuant to the Protective Order. Defendants have sought to file the same information under seal in *Sohmer v. UnitedHealth Group Inc., et al.*, No. 18-cv-03191-JNE-BRT (D. Minn.), Dkt. 194. Defendants note that the minimal portions of these Exhibits that are redacted are not relied on by Defendants in supporting the pending motion, which weighs against disclosure. *See Cumberland Packing Corp.*, 184 F.R.D. at 505 ("Some judicial documents will play only a marginal role in the judicial process. The presumption of access accorded those materials is low and amounts to little more than a prediction of public access absent a countervailing reason") (internal quotations and citations omitted).

Defendants have publicly filed redacted versions of Exhibits 15 and 24—redacting the proprietary and highly sensitive pharmacy transaction data fields—and now file sealed versions with the proposed redactions highlighted for the Court's consideration. Defendants respectfully

The Honorable Vincent L. Briccetti
April 9, 2021
Page 3

submit that these redactions are appropriate to protect the highly-sensitive information contained within Exhibits 15 and 24.

## II. Commercially-Sensitive and Competitive Information Regarding Defendants' Internal Financial Policies and Business Strategies

As noted above, sealing of documents related to financial matters is appropriate where "the harm to defendants' competitive position that would result from disclosure outweighs the interest in public access," *Encyclopedia Brown*, 26 F. Supp. 2d at 612, including competitive harm that may stem from disclosure of "internal policies and procedures," *Mazzanti v. GE*, No. 3:13cv1799 (WWE), 2017 U.S. Dist. LEXIS 32897, at *14 (D. Conn. Mar. 7, 2017). This concept may apply even to "[c]onfidential business information dating back [] a decade or more, [which] may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Encyclopedia Brown*, 26 F. Supp. 2d at 612. For these reasons, Defendants seek to seal Exhibits 10 and 11.

Defendants submit that Exhibit 10 is an internal confidential and proprietary accounting policy and procedure titled "Optum Rx Claw Back Accounting," designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order. This document is maintained as confidential by Defendants and its disclosure could cause potential competitive harm by providing insight into accounting methodologies and strategies utilized by Defendants. *See Encyclopedia Brown Prods.*, 26 F. Supp. 2d at 614 (sealing "[c]onfidential business information dating back even a decade or more" because they "provide valuable insights into a company's current business practices that a competitor would seek to exploit."). The District of Minnesota previously permitted sealing of this same document in *In re UnitedHealth Group PBM Litigation*, Case No. 16-cv-3352 (D. Minn.), Dkt. 168 at 4 (ordering continued sealing of this document as filed at Dkt. 150).

Defendants likewise submit that Exhibit 11 is an internal confidential and proprietary PowerPoint titled "Lesser of Three," designated as "Confidential" pursuant to the Protective Order. This document is maintained as confidential by Defendants and its disclosure could cause potential competitive harm by providing insight into Defendants' decision-making and internal policies and procedures regarding adjudication of prescription drug benefits. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redaction of documents disclosing advertising expenditures and plans, merchandising strategies, policies, and sales).

Defendants therefore respectfully request that the Court seal both Exhibit 10 and 11 in their entireties.

The Honorable Vincent L. Briccetti
April 9, 2021
Page 4

## Conclusion

For the foregoing reasons, Defendants therefore respectfully request that the Court permit the sealing of certain exhibits as follows:

| Exhibit | Description | Relief Requested |
|---|---|---|
| 10 | Memorandum titled "Optum Rx Claw Back Accounting," dated October 15, 2014, produced as UNH-MOHR00034643 and marked "Highly Confidential" pursuant to the Protective Order (Dkt. 76) | Seal Entirely |
| 11 | PowerPoint titled "Lesser of Three, dated August 15, 2016, produced as UNH-MOHR00037356 and marked "Confidential" pursuant to the Protective Order (Dkt. 76) in this matter | Seal Entirely |
| 15 | Written Report of Plaintiff's Expert Launce B. Mustoe, dated November 2, 2020 | Unredacted Version Sealed |
| 24 | Excerpts from Defendants' Answers to Plaintiff's First Set of Interrogatories and Responses to First Set of Requests for Admission, dated March 20, 2020 | Unredacted Version Sealed |

We thank the Court for its time and attention to this matter.

Very truly yours,

s/ Michelle S. Grant

Michelle S. Grant