


IZARD
KINDALL
&RAABE
LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/18/21

Via ECF
The Honorable Vincent L. Briccetti
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: *Mohr-Lercara v. Oxford Health ...*

Dear Judge Briccetti:

Pursuant to Paragraph 3(B) of the C... Lercara submits this letter motion in support... that have been filed in opposition to Defend... referenced matter.

---

APPLICATION GRANTED.

Although the relevant documents are judicial documents subject to a common law and First Amendment presumption in favor of public access, Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006), the Court finds plaintiff has shown a sufficient basis to justify filing under seal the exhibits to the Declaration of Christopher M. Barrett filed in support of plaintiff's opposition to defendants' motion for summary judgment, and portions of her opposition and Rule 56.1(b) Responses referencing the foregoing documents.

The Clerk is directed to seal Exhibits L, M, O, and P of the Barrett Declaration, plaintiff's unredacted opposition, and unredacted Rule 56.1(b) Responses, (Docs. ##130, 131, 132), and limit access of the same to Anna Mohr-Lercara, Oxford Health Insurance, Inc., Optum, Inc., and OptumRX, Inc. The Clerk is further directed to terminate the letter motion (Doc. #129).

SO ORDERED:

Vincent L. Briccetti, U.S.D.J.
May 18, 2021

---

Solely in accord with her duty under the Protective Order in place in this litigation (see ECF 76), Plaintiff moves to file under seal certain documents attached to the Declaration of Christopher M. Barrett filed with Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment and unredacted versions of Plaintiff's Opposition and Plaintiff's Rule 56.1(b) Response.

Specifically, Plaintiff moves to seal the following exhibits of the Barrett Declaration. All of these Exhibits consist of documents or transcripts designated by Defendants under a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation.

- Exhibit L is a true and correct copy of Deposition Exhibit 17, a PowerPoint titled "OptumRx Overview - E&I Claw back," dated March 17, 2014, produced as UNH-MOHR00044980 and marked "Confidential" pursuant to the Protective Order (ECF 76) in this matter.

- Exhibit M is a true and correct copy of Deposition Exhibit 15, an email thread with the subject "Re: 4-63091E&I Clawback - RV/NHP DW Impact," dated February 27, 2014

(attachment omitted), produced as UNH-MOHR00043893 and marked "Highly Confidential" pursuant to the Protective Order (ECF 76) in this matter.

- Exhibit O is a true and correct copy of excerpts from Deposition Exhibit 5, an email with the subject "RE: URGENT! Clawback (Pharmacy Recoupment) Talking Points & Rollout Plan," dated March 25, 2015 (attachment omitted), produced as UNH-MOHR00044145 and marked "Confidential" pursuant to the Protective Order (ECF 76) in this matter.

- Exhibit P is a true and correct copy of excerpts from Deposition Exhibit 83, an email with the subject "Pharmacy Survey," dated July 18, 2016, and the attached file "OptumRx_Provider_ Survey.xlsx," produced as UNH-MOHR00045053 and marked "Confidential" pursuant to the Protective Order (ECF 76) in this matter.

Additionally, Plaintiff moves to file under seal portions from her Opposition and Rule 56.1(b) Responses that reference certain portions of the foregoing documents.

Plaintiff seeks to file these documents under seal because Defendants designated them as confidential pursuant to the Protective Order (ECF 76). By designating Exhibits L, O, and P as "CONFIDENTIAL," Defendants represent that they reasonably and in good faith believe the information contains or comprises (a) trade secrets, proprietary or otherwise sensitive non-public business information, (b) information implicating an individual's legitimate expectation of privacy, or (c) "protected health information." By designating Exhibit M as "HIGHLY CONFIDENTIAL," Defendants represent that they reasonably and in good faith believe the information is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the designating party.

Thank you for your attention to this matter.

Respectfully,

s/ Christopher M. Barrett